Judge Wright
delivered the opinion of the court:
It is urged in favor of a new trial that the three thousand one hundred and twenty-nine dollars forty-five cents ought not to have been considered as money in the defendant’s hands, because no-money was in fact received, nor was that sum the price of the real estate acquired by that sale; that the party acquired no title-by the purchase, and the sale divested Graham of no interest, the object of the bank being to protect the title acquired from Graham by the deed in 1826 against the claims of others. If it were-necessary to consider the question whether anything short of the actual receipt of money would sustain the action for money had. and received, we should find little difficulty in deciding that that-which was equivalent to money, or had been available to the-party as such, would sustain the action. In our view of the case that question can not arise. If the plaintiff Graham had a right to a credit on the judgment against him for the amount bid by the bank, receipted for by it as money, and returned by the sheriff as so much made on the execution, then the six hundred and ninety-one dollars forty-two Scents received in money from Schenck on the judgment in favor of Graham, beyond what was due the bank, is so much money actually received to the use of the plaintiff.
But it is said this credit ought not to be allowed Graham: 1. Because it was not available to the bank. 2. Because it only perfected the title to the land conveyed in the deed of 1826, and. the • party is estopped by that deed from setting up that claim.
Why was this not available to the bank ? It was perfectly acquainted with the situation of the judgments and land when it took the deed and the assignments. The release gave to the bank the land subject to all the incumbrances. With full knowledge of its rights it availed itself of the execution- for the purpose, as-proved and even now claimed, of perfecting and disincumbering the titl e. It placed the incumbrance in the market, and in the competition of an auction, valued and bid it in at the price named. If any other person than the bank had bid in the land, no one would have questioned the right of Graham to the avails of it. Without applying to the court issuing the execution to set aside the sale for any reason -whatever, the bank holds the deed as essential to its own title, and asks to be permitted to look back of its - receipt and the return of the officer, and to consider the judgment- *245 ■open, so as to enable it to collect of the collateral security nearly ■seven hundred dollars, more than sufficient to satisfy the judgment, and to hold it free from accountability ! If the incumbrance had been a mortgage, would not the bank have been bound to satisfy it; and having done so, could it call upon Graham to refund? Neither will be pretended. Suppose the bank the trustee of Graham, and this suit a bill for an account, would not equity compel an account? Perhaps some other person actually bid on the property within one dollar of what the property was struck off at, and was only deterred from the purchase by the conviction of the determination of the bank to buy, and the utter hopelessness of the competition. There is no claim of mistake, or of misrepresentation by Graham to induce the purchase. The whole transaction originated with the bank for its own benefit. Conceding, then, to counsel that, in this action, the plaintiff only recovers what *in equity and good conscience he has a right to, it seems to us he has such right to the verdict on the case made. Does the deed operate an estoppel? It contains no covenant of warranty, and even in a suit at law would not be construed to estop the party. But considering this suit as a bill inequity, how does it comport with the principles which govern courts of equity to set up an estoppel ? The charge to the jury was the most favorable for the defendant. The jury were instructed to inquire if the purchase had availed to the bank the amount of the bid, and if not, to deduct the deficit from the sum received from Schenck. They have found that the bid availed the bank to the .full value. If there was an error in this chai-ge, it seems to us the bank can not complain of it. The charge is not, however, objected to. In our opinion the verdict not only accords with the law and evidence, but with the justice and equity of the case.
Motion for a new trial overruled.